[L. A. No. 448.    Department One.—October 6, 1898.]

## JAMES L. BARKER, Respondent, v. GEORGE H. GOULD et al., Appellants.

PERCOLATING WATER—TUNNEL—RIPARIAN RIGHTS—QUIETING TITLE—BURDEN OF PROOF.—In an action by the owner of land crossed by a creek, who had constructed a tunnel into his land, not apparently connected with the creek, in order to divert percolating water from his land into the tunnel to quiet title thereto as against lower riparian proprietors, who claimed to have been injured by the abstraction of water from the creek by means of such tunnel, the burden is upon the defendants to establish their claim.

EXPERT EVIDENCE—CONFLICTING TESTIMONY—REVIEW UPON APPEAL.—The court is not bound to accept the opinion of an expert witness,

unless satisfied that it is based upon cogent and sufficient rea-
sons; and where conflicting expert evidence is given upon both
sides, its decision as to its weight and value is as conclusive as·
in any other case of conflicting testimony, and is not subject to
review upon appeal. .

APPEAL from a judgment of the Superior Court of Santa
Barbara County and from an order denying a new trial.   B. T.
Williams, Judge.

The facts are stated in. the opinion of the court.

Canfield & Starbuck, and George H. Gould, for Appellants.

Thomas McNulta, for James L. Barker, Respondent.

Richards & Carter, for J. G. Waterman, Respondent.

W. S. Day, for Henry Strong, Intervenor.

HARRISON, J.—The plaintiff is the owner of certain lands
in the county of Santa Barbara, situated upon both sides of a
natural stream of water known as Cold Spring creek, which rises
at a point north of the plaintiff's land and flows through his
premises into lands belonging to the appellants, which border
upon the stream and lie south of and below the plaintiff's lands.

Between July 1, 1894, and the commencement of this action,
the plaintiff constructed a tunnel upon his land, on the east
side of the creek, into which the water percolates from the ad-
joining land and produces a stream which flows from its mouth,
discharging at that point about four and one-half inches of
water under a four-inch pressure.   The mouth of the tunnel is
adjacent to the east bank of the creek, at an elevation of about
five feet above the creek, and the tunnel runs from that point
one hundred feet in a direction nearly at right angles with the
creek; thence in a northerly direction and nearly parallel with
the general course of the creek four hundred and fifty feet;
thence in a northerly direction, gradually diverging from the
course of the creek, three hundred and seventy-five feet, where
it terminates at a point about six hundred feet from the creek,
measured along the strike of the strata.   The tunnel is con-
structed with a slight elevation from a horizontal line, so that
at a distance of forty feet from its mouth it passes below the

level of the creek, and at its breast, or inner end, its floor is at a depth of one hundred and twenty feet below the level of the creek.

The appellants, other than the Montecito Water Company, are the owners of certain lands which are riparian to the creek, and situate south of and below the lands of the plaintiff, and the water company claims the right to the use of a portion of the waters of the creek under a grant from them.

The plaintiff alleges that he is the owner of all the water which flows from the tunnel, and that the defendants make some claim against him to the water entering and flowing from the tunnel, the exact nature of which is unknown to him, but that their claim thereto is without right, and asks that they be required to set forth their respective claims, and that it be adjudged that they are invalid and void as against him, and that he is the owner of all the water entering the tunnel and discharging therefrom. In their answer to the complaint, the appellants set forth their ownership of the lands as above, and that they are riparian to the creek, and allege that the water which enters the tunnel and is discharged therefrom is a portion of the water naturally flowing in the creek, but which, by reason of the nature of the rock through which the tunnel is excavated, has been abstracted from the creek; that such abstraction by the plaintiff is without right, and is an infringement upon their right to have all the water which naturally flows in the creek flow down to and through their lands.

At the trial the following issue was submitted to a jury that was called in to advise the court thereon, viz: "Does the tunnel constructed by plaintiff abstract any water from the Cold Spring branch of the Montecito creek, or any of its tributaries? If so, how much?" To which issue the jury replied: "No, it does not." The court accepted this verdict in its own findings upon the evidence, and found that the stream of water which flows from the tunnel is the accumulation of percolations from the soil and rocks, percolating therein from the adjoining land on either side of the tunnel, and that said tunnel was not constructed with the intention of abstracting the water from Cold Spring branch of Montecito creek, and that it does not abstract the water from said stream, or any of its tributaries. Upon

these findings of fact the court rendered judgment in favor of the plaintiff. The appellants moved for a new trial, and it having been denied they have appealed therefrom and also from the judgment.

The point particularly discussed by counsel upon this appeal is the sufficiency of the evidence to sustain the above findings of the court, but as these findings were made upon the consideration to be given to conflicting evidence, we are not at liberty to review them. Whether the water entering the tunnel and flowing therefrom was withdrawn from the creek by reason of the construction of the tunnel, or was made up of percolations from the ground adjacent to the tunnel, independent of the creek, was the issue to which the evidence of both the plaintiff and the defendants was directed. Upon this issue the burden of establishing the claim of the defendants was upon them. There was no evidence of any visible or open flow of water from the creek to the tunnel, but the defendants sought to establish the fact by means of expert testimony, based upon the geological formation of the surrounding country, the direction and angle of dip of the strata, the character of rock in the different strata, and the character of the intervening seams. Testimony upon these subjects, and of the conclusions to be drawn therefrom, was also given on behalf of the plaintiff, and the court was called upon to determine not only the weight to be given to the evidence on either side of the question, but also to determine the value of each witness as an expert thereon. The conclusion of each expert witness was but an opinion formed by him from his knowledge of the science applicable to the subject matter of the investigation, and his capacity for forming this opinion, as well as the value to which the opinion was entitled, depended upon the extent of his studies and of his experience in reference to that subject, and also upon the extent to which he had applied the knowledge thus acquired by him to this particular subject. His testimony was not of a fact, but was merely his deduction from other facts under the theory adopted by him as the result of his previous studies and experience. The court was not required to accept the opinion of either expert as conclusive upon the subject, unless it should be satisfied that it was based upon cogent and sufficient reasons; and its action in

determining the sufficiency or cogency of these reasons is as conclusive upon the weight to be given thereto as is its decision upon a conflict of testimony upon any other question at issue. The decision of the trial court that the water entering the tunnel and flowing therefrom was the result of percolations from the soil adjacent to the tunnel, and was not abstracted from the creek, necessarily implies that it did not consider the testimony of the expert on behalf of the defendants to be entitled to sufficient weight to overcome the testimony on behalf of the plaintiff.

The judgment and order are affirmed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.