[Civ. No. 12833. First Dist., Div. Two. Sept. 25, 1945.]

STEVE GAZZERA et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John D. Harloe and Joseph A. Brown for Appellants.

John J. O'Toole, City Attorney, and John F. Moran, Deputy City Attorney, for Respondent.

STURTEVANT, J.—Action for damages to real property. Plaintiffs appeal from a judgment for the defendant city rendered by the court sitting without a jury.

Plaintiffs' house and property are situated on the northeast corner of the intersection of Kirkwood Avenue and Mendell Street, facing Kirkwood Avenue. The house and lot immediately adjacent on the northwest were owned by Thomas T. Shoaf and were occupied by Mrs. Margaret MacArtney, his daughter. Mendell Street was graded and paved in 1917 but no paving was laid in the intersection as Kirkwood was unimproved. In 1930, pursuant to a request of Mr. Shoaf, the city excavated and graded a temporary roadway twelve feet wide on Kirkwood Avenue easterly from Mendell Street. The cut was from five to ten feet deep with sloping sides. Water seeped from the upper side of the cut and pipes were laid to carry it off. These pipes were removed when the intersection was paved.

In February, 1940, ten years after the excavation, there was a series of heavy rain storms. After one of these storms a section of the hill slid into the Kirkwood and Mendell intersection and plaintiffs' house was destroyed. Plaintiffs presented a claim to the city but payment thereof was refused. They then brought suit, claiming the excavation and grading of Kirkwood removed the lateral support of the hill, and this, coupled with the subsequent removal of the drain pipes, was the proximate cause of the slide.

Before proceeding it should be noted that the maps show commencing on the north, Newhall, Mendell, Lane and Keith Streets run from east to west and that they are crossed by Innes, Jerrold, Kirkwood, La Salle and McKinnon, which run from north to south.

Mendell Street, from Jerrold Avenue to Kirkwood Avenue, was graded, curbed and paved in 1917, and from Kirkwood Avenue to La Salle Street said Mendell Street was graded, curbed and paved in 1918. At the time of the grading, curbing and paving of Mendell Street, as above set forth, the intersection of Mendell Street and Kirkwood was not done.

At the time of the grading, paving and curbing of said Mendell Street in front of plaintiff's property, said property was, by reason thereof, left eight or ten feet above the grade line of said Mendell Street, and at the time of the grading, curbing and paving, plaintiffs and their predecessors in interest were notified to, and did, shore up their property by the erection of a good and substantial concrete bulkhead.

The plaintiffs claimed the street work was so done as to injure their property. They alleged:

"That on the 6th day of December, 1929 . . . a temporary roadway twelve feet wide was graded out of the middle of Kirkwood Avenue; that no notice to plaintiffs or to any other property owners fronting on Kirkwood Avenue at said place was given and that in grading said temporary roadway, the sides of Kirkwood Avenue were left in a sloping condition;

"That the grading of Kirkwood Avenue in the manner in which it was done, . . . made it impossible for plaintiffs as well as other property owners fronting on Kirkwood Avenue, to shore up their property.

"That by reason of the grading of Kirkwood Avenue, there was considerable seepage of water and in order to carry off said water, pipes were installed; that in the month of November, 1930, the crossing of Kirkwood Avenue and Mendell Street, which had theretofore been left undone, was graded, curbed and paved. That at the time of the grading, curbing and paving of the crossing, the pipes which had theretofore been installed for the draining off of the water from Kirkwood Avenue, were blocked and prevented from draining off the water.

"That by reason of the blocking and stopping of said drain pipes, the water percolated and seeped in, around and under the foundation of plaintiffs' property; that by reason of the grading of the temporary roadway in Kirkwood Avenue, that land which was left on the sides thereof, was caused to and did, on or about the 2nd day of March, 1940, shift and slide into the center of said roadway on Kirkwood Avenue.

"That said land, in shifting and sliding took with it the

foundation under plaintiff's property, causing the said foundation to slip and break away from the retaining wall which had theretofore been erected along Mendell Street, causing the property to sink and to become untenantable.

"That said damage to plaintiffs' property was caused by the failure of the City and County of San Francisco to properly grade the entire width of Kirkwood Avenue, and that by reason of the shifting and sliding of said land and taking with it the foundation of plaintiffs' property, plaintiffs have been damaged in the sum of Seventy-five Hundred Dollars ($7500.00)."

In its answer the defendant denied each charge of negligence. The trial court made findings in favor of the defendant on all of said charges. In their briefs the plaintiffs contend the findings should have been in their favor. We think the trial court was warranted in making said findings as written.

In discussing the plaintiffs' contention we will take up first the charge that the excavation on Kirkwood was the cause of the slide. The evidence is not clear but there are passages that indicate the ground slid toward Mendell and not toward the cut in Kirkwood.

Steve Gazzera, the plaintiff, testified regarding the presence of seeping waters. From 1916 he visited the premises about once a month to collect his rent. Nearly every visit he saw water running out of the slope on Kirkwood and down Kirkwood. From time to time he saw other slides that had occurred. Two pepper trees were uprooted. He saw water every time he passed Kirkwood. On February 28, 1940, the witness was notified by his tenants that the slide complained of had occurred. He went immediately to the property. An examination disclosed a crack in the ground that circled from Kirkwood to Mendell. In places it was a foot wide. It went down the witness did not know how deep.

Thomas V. Reeves, a mining engineer and geologist called by the defendant, testified that he was familiar with the property and had visited it before February, 1940. On May 20, 1940, acting upon the request of the defendant, the witness again visited the property. He proceeded to examine the conditions relating to the slide that had recently occurred. In reply to a question propounded by the defendant the witness testified that the cut in Kirkwood had nothing to do with the slide. He based his opinion, he said, "on the several rock formations. The general underlying formation is a series of

shale and sandstone strata. Overlying that, coming up in a slight inclination from the north, is a body of serpentine. Intruded in the above, through the sandstone and serpentine, is another formation, a diabase, surrounding both the serpentine and the diabase. The other formations, the sandstone and the shale, have been broken and cracked. The slide was caused by an infiltration of water into this crushed stone until the material gave way and moved on the side hill. It was infiltration into that cracked formation that caused the slides. The water oozing out of the cut would lessen the possibility of a slide. The removal of any support would affect the stability of any ground that was above, but in this case the cut was not sufficiently close to the house to remove the support to the extent that the house would be affected by it. When the slide occurred there was no movement toward Kirkwood Street at all. On the hill there are other cracks, some a block away, that extend down between Jerrold and Innes Street. One of the older scars extends right around the present scar. There is a series of these scars that extend up the side of the hill. I am satisfied that if nobody had ever lived on those hills that nevertheless these slides would have occurred from time to time in that sort of formation. You can see such scars in similar formation just outside of Vallejo. In the instant case the old slide extended below the level of Mendell Street and can be seen on the other side. Water flows out of a garage at 1011 Mendell Street. It comes from the same crack. The crack is an extensive thing. It is concentric with the ones that extend up the hill above it.'' After making an extended study over a period of eighteen days it was his opinion that the making of the cut on Kirkwood was in no way responsible for the slide complained of.

Mr. Irvin H. Danenhower, an employee in the engineering department of the defendant, gave substantially the same testimony as did Mr. Reeves. However he based his opinion on the following facts. The plaintiffs' house slid toward Mendell and not toward Kirkwood. The distance from the foundation wall facing Kirkwood to the center line of the cut in that street is fifty-seven feet. The cut was made in 1929. The house stood eleven years after that before any slide occurred and then the slide was ''definitely'' toward Mendell Street.

Mr. F. Chace was called as an expert by the plaintiffs. He

testified that he had formed a different opinion and that the excavation on Kirkwood in his opinion caused the slide. He gave no reasons for his opinion. No other witness testified on the subject. It is settled law that the weight to be given to the opinion of an expert depends on the reasons he assigns to support that opinion. (*Barker* v. *Gould*, 122 Cal. 240, 243 [54 P. 845].) The witness Reeves assigned what appear to be sound reasons for his opinion. So did the witness Danenhower. Chace assigned no reasons to support his opinion. The trial court was therefore justified in adopting and following the opinions of Reeves and Danenhower. Moreover the trial court went to the property and made a personal examination of the conditions. Under these circumstances the adverse findings made by the trial court were supported by the evidence and are controlling on appeal. (*Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1, 13-14 [47 P.2d 462].)

Taking up the subject of the pipes the witness Shoaf was examined at length on the subject of the placing of certain drain pipes and the removal thereof. However a most careful reading of the record does not disclose that said pipes were improperly placed, nor that they became clogged, nor that they were negligently removed. Moreover there is much in the evidence showing that the pipes were drains for certain springs which during some seasons flowed the entire year both before any street work was done and thereafter. Furthermore there is no evidence that pipes placed in Kirkwood Avenue below the lands where the slide occurred could in any manner either cause or prevent the slide complained of.

A large number of exhibits were used at the trial and have been brought up. They clearly sustain the theory of Mr. Reeves. The cut on Kirkwood was about 200 feet long. It was made through a ridge. It was deepest at a point in about the middle of its length and it was not deep at either end. It extended through the middle of Kirkwood running north and south from Mendell toward Lane, the next street on the south. Photographs show that the slide pressed heavily into Mendell Street where no cut had been made and also toward the north end of the cut on Kirkwood. The break was circular. On Exhibit ''J'' the break in the ground is shown extending from a point near the north side of the plaintiffs' house and running north under Mr. Shoaf's house it curves toward Kirkwood, crosses it almost at right angles, and continues toward the south. The scars of former breaks are concentric

with the scar made in February, 1940. One scar is approximately sixty feet toward the east and the other is about ninety feet. Both of the latter scars are old and, as stated by two witnesses, may be fifty or one hundred years old. The breaks in Kirkwood are pronounced at the surface and indicate a parting rather than a lateral pressure. If the cut caused the slide we would expect the side of the cut adjacent to the slide to slough as a part of the slide. The photographs do not show such sloughing, but they do show heavy pressure toward Mendell and a sloughing for twenty feet or more back from Kirkwood. Plaintiffs' Exhibit 13, a photo taken while the slide was on, strongly supports the proposition last stated. It shows that not even the grass on the east bank of the cut (the side on which the slide occurred) was disturbed. Defendant's Exhibit "A," a photo taken April 26, 1940, shows the same facts. Mr. Danenhower testified that as a result of the slide plaintiffs' house and its foundation slid toward Mendell.

The record discloses that the neighborhood consists of seepy ground. Numerous springs are mentioned by the witnesses. Some of those springs are permanent. Some of them are of such capacity that the waters are collected and sold as mountain spring water. The facts recited in this and the preceding paragraph strongly reinforce the opinions stated by Mr. Reeves and Mr. Danenhower. Therefore we think it is clear that the trial court did not err in making findings in accordance with the opinions expressed by said witnesses.

From time to time the property owners complained to the public officials of seepage on the lots of such owners and of the water discharged by some of the springs above mentioned. There was evidence that the city authorities did nothing regarding those complaints. Counsel do not set forth any authorities showing that it was the duty of the city to enter on private property and cut off the flow of seepage water or springs located thereon.

The plaintiffs cite and quote the entire decision, *Gove* v. *Lakeshore Homes Assn.*, 54 Cal.App.2d 155 [128 P.2d 716]. That case involved an appeal from a judgment of nonsuit. It is a splendid exposition of the law on that subject. But the instant case is an appeal from a judgment in an action to recover damages which denied the plaintiffs any relief. As stated above the findings fully support the judgment. The

cited case is not helpful. It contains nothing that is at variance with anything we have said.

If the alleged cut made by the defendant in Kirkwood Avenue was not the cause of the alleged slide, then the defendant was not liable. Whether the cut on Kirkwood was properly made or negligently made the question presented by the plaintiffs was, did said cut cause the slide which injured plaintiffs' property. The burden rested on the plaintiffs to prove an affirmative answer to that question. (19 Cal.Jur. 557, Negligence, § 10; *Union etc. Co.* v. *San Francisco Gas etc. Co.,* 168 Cal. 58, 62 [141 P. 807] ; *Dull* v. *Atchison, T. & S. F. Ry. Co.,* 27 Cal.App.2d 473, 476 [81 P.2d 158].) The findings are that neither the cut on Kirkwood nor the handling of the drainage pipes was the cause of the slide. It follows the plaintiffs were not entitled to recover.

The judgment appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.